IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | } | Case No. 3:17-bk-01382 |
| ALEXANDER DAWAYNE DABNEY | } | |
| 458 BAKERTOWN RD. | } | Chapter 13 |
| Antioch, TN 37013 | } | |
| SSN: xxx-xx-8831 | } | Judge Randal S. Mashburn |
| | } | |
| Debtor(s) | } | |

## NOTICE OF AMENDMENT

COMES NOW the Debtor, by and through counsel, and would give notice of filing an amendment to the Chapter 13 plan of the Debtor's original Chapter 13 petition. As grounds, the Debtor is amending the plan to reduce the dividend to 1% to unsecured creditors.

The amended Chapter 13 plan is attached hereto.

APPROVED FOR ENTRY:

/s/ James A. Flexer
JAMES A. FLEXER, BPR #9447
Attorney for Debtor
1900 Church Street, Suite 400
Nashville, TN 37203
(615) 255-2893
fax: (615) 242-8849
cm-ecf@jamesflexerconsumerlaw.com

Debtor **ALEXANDER DAWAYNE DABNEY**
United States Bankruptcy Court for the **MIDDLE DISTRICT OF TENNESSEE**  ☑ Check if this is an amended plan
[Bankruptcy district]
Case number: _____

Official Form 113
Chapter 13 Plan

### Part 1: Notices

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

In the following notice to creditors and statement regarding your income status, you must check each box that applies.

To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance to you. Boxes must be checked by debtor(s) if applicable.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.

☑ The plan sets out nonstandard provisions in Part 9.

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*
☑ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

### Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**
**$65.00 Bi-weekly for 60 months**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

**2.2 Regular payments to the trustee will be made from future earnings in the following manner:**
*Check all that apply.*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____ .

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

☑ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

APPENDIX D                                      Chapter 13 Plan                                         Page 0
Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                       Best Case Bankruptcy
Case 3:17-bk-01382   Doc 45   Filed 07/21/17   Entered 07/21/17 17:42:04   Desc Main
                              Document      Page 2 of 7

Debtor    **ALEXANDER DAWAYNE DABNEY**                           Case number

☐       Debtor(s) will treat income refunds as follows:

_____
_____

**2.4 Additional payments.**
*Check one.*
☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $19500.00.**

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**
*Check one.*
☑ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2 Request for valuation of security and claim modification.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☑ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien avoidance**

Check one.
☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.**

Check one
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) consent to termination of the stay under 11 U.S.C. § 362(a) and § 1301 with respect to the collateral, upon confirmation of the plan. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| INLAND BANK | 2015 NISSAN ALTIMA 53,000 miles UNDER 910 |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

**4.2 Trustee's fees**

Trustee's fees are estimated to be **5.00%** of plan payments; and during the plan term, they are estimated to total **$360.00**.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,520.00**.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
*Check one.*
☑ The debtor estimates that the total amount of other priority claims to be **$1,682.00 TAXES AND $310.00 FILING FEE**

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

Debtor   **ALEXANDER DAWAYNE DABNEY**                              Case number

Check one.
- [x] **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
- [ ] The sum of $
- [x] **1** % of the total amount of these claims.
- [ ] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

- [x] **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- [x] **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Other separately classified nonpriority unsecured claims. Check one.**

- [x] **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** Check one.

- [x] **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Order of Distribution of Trustee Payments

**7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:**
CLASS I - FILING FEE
CLASS II - NOTICE FEE
CLASS III - ATTORNEY FEE
CLASS IV PRIORITY TAX DEBT
CLASS V - GENERAL UNSECURED
CLASS VI - 1305 CLAIMS

### Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon**

*Check the appliable box:*
- [ ] plan confirmation.
- [x] entry of discharge.
- [ ] other: _____

### Part 9: Nonstandard Plan Provisions

- [ ] **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

Debtor   **ALEXANDER DAWAYNE DABNEY**                              Case number

## Amendment to Part 2:

**Debtor will make regular payments to the trustee as follows: $65.00 BI-WEEKLY for 60 months, in the following manner:**
Debtor will make payments pursuant to a payroll deduction order issued to the Debtor's employer:

    SMILE DIRECT CLUB
    414 UNION STREET
    8TH FLOOR
    NASHVILLE, TN 37219

## Amendment to Part 4:

**Attorney's fees**
The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$3,520.00**, to be paid as follows: $120.00 PER MONTH.
The attorney was paid **$0.00** prior to the filing of this case.

**Priority claims other than attorney's fees and those treated in § 4.5.**

The debtor(s) have other priority claims which will be paid as follows:

| Name of Creditor | Type of Priority | Estimated Amount of Creditor's total Claim | Plan treatment | Estimated total of payments |
|---|---|---|---|---|
| FRANKLIN COUNTY COMMON PLEAS COURT | TAXES | $1682.00 | PIF | $1682.00 |
|  |  |  |  |  |

## Amendment to Part 7.1:

Postpetition claims allowed pursuant to 11 U.S.C. § 1305 shall be paid in full but subordinated to the payment of unsecured claims as provided in paragraph 3 above.

APPENDIX D                                            Chapter 13 Plan                                                Page 3
Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                 Best Case Bankruptcy
    Case 3:17-bk-01382   Doc 45   Filed 07/21/17   Entered 07/21/17 17:42:04   Desc Main
                              Document       Page 5 of 7

**Part 10: Signatures:**

X  /s/ James A. Flexer                          Date  February 24, 2017
   James A. Flexer 9447
Signature of Attorney for Debtor(s)

X  /s/ ALEXANDER DAWAYNE DABNEY        Date  February 24, 2017
   ALEXANDER DAWAYNE DABNEY

X  _____        Date  _____

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

| Debtor | ALEXANDER DAWAYNE DABNEY | Case number | |

**Exhibit: Total Amount of Estimated Trustee Payments**

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | | |
|---|---|---:|
| a. | Maintenance and cure payments on secured claims (Part 3, Section 3.1 total): | $0.00 |
| b. | Modified secured claims (Part 3, Section 3.2 total): | $0.00 |
| c. | Secured claims excluded from 11 U.S.C. § 506 (Part 3, Section 3.3 total): | $0.00 |
| d. | Judicial liens or security interests partially avoided (Part 3, Section 3.4 total): | $0.00 |
| e. | Fees and priority claims (Part 4 total): | $5,872.00 |
| f. | Nonpriority unsecured claims (Part 5, Section 5.1 total): | $14,429.00 |
| g. | Interest on allowed unsecured claims (Part 5, Section 5.2 total) | $0.00 |
| h. | Maintenance and cure payments on unsecured claims (Part 5, Section 5.3 total) | $0.00 |
| i. | Separately classified unsecured claims (Part 5, Section 5.4 total) | $0.00 |
| j. | Trustee payments on executory contracts and unexpired leases (Part 6, Section 6.1 total)  + | $0.00 |

Total of lines a through j.................................................................................................... $20,301.00